UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RACHEL MARIE WHITTED, | Case No. 3:21-cv-00215-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| PRISON MEDICAL, *et al*., | |
| Defendants. | |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a person who was a state prisoner. (ECF No. 1-1.) On August 18, 2021, this Court issued an order directing Whitted to file her updated address and a completed *in forma pauperis* application for non-prisoners with this Court or pay the full filing fee of $402 by September 17, 2021. (ECF No. 3.) The deadline has now expired, and Whitted has not filed her updated address and an *in forma pauperis* application for non-prisoners, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d

128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Whitted to file her updated address and an *in forma pauperis* application for non-prisoners with the Court within 30 days expressly informed Whitted that, if she failed to timely comply with that order, this case would be subject to dismissal without prejudice. (ECF No. 3 at 2.) Thus, Whitted had adequate warning that dismissal would result from her noncompliance with the Court's order.

///

///

///

It is therefore ordered that this action is dismissed without prejudice based on Whitted's failure to file an updated address and an *in forma pauperis* application for non-prisoners or pay the full filing fee in compliance with this Court's August 18, 2021, order. (ECF No. 3.) If Whitted wishes to pursue any of her claims, she must file a complaint in a *new* action.

The Clerk of Court is directed to close the case and enter judgment accordingly.

DATED THIS 27th Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE